UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 4:05-CV-2352 (CEJ) ) |
| D&H CONCRETE, INC., a dissolved Missouri corporation, and DON HELMS, JR., an individual d/b/a D&H CONCRETE, and DON HELMS, SR., an individual d/b/a D&H CONCRETE, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on plaintiffs' motion to compel an accounting, following an entry of default against defendant Don Helms, Sr., doing business as D&H Concrete, Inc.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 1985, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Unions Nos. 42-53-110 of the Laborers International Union of North America, AFL-CIO (the Unions). They seek an order compelling defendant Don Helms, Sr., to submit to an audit for the period of August 9, 2004, to the present.[1] On April 14, 2006, the Court

---

[1]Plaintiffs move for an order compelling defendants Don Helms, Sr., doing business as D&H Concrete, Inc., and Don Helms, Jr.,

ordered D&H Corporation, Inc., to submit to a complete financial compliance examination.

According to the affidavit of Bernard Difani, an accountant for the plans, defendant Don Helms, Sr., failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement entered into on August 9, 2004. Defendant Don Helms, Sr., was served with the summons and complaint on May 17, 2006, and has not filed an answer or otherwise appeared in this matter. The Clerk of Court has entered default against defendant Don Helms, Sr.

Plaintiffs move for an order compelling an accounting pursuant to Rule 55(b)(2), Fed.R.Civ.P., in order to determine the amount of damages. Plaintiffs have established that defendant Don Helms, Sr., was an officer of D&H Concrete, Inc., when it was dissolved on September 4, 2002, and that he has continued to business under the name of D&H Concrete, Inc. Plaintiffs have also established that defendant D&H Concrete, Inc., is bound by a collective bargaining agreement with Laborers Local Unions Nos. 42-53-110. The agreement requires signatories to submit contributions to the Laborers Funds and authorizes plaintiffs to examine the financial records to ascertain whether the required contributions were made. The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

---

doing business as D&H Concrete, Inc., to submit to an accounting. However, defendants have not sought entry of default against defendant Don Helms, Jr., and thus their request for relief from this defendant will be denied as premature.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default order to compel an accounting [#26] is **granted in part and denied in part**. The motion is granted with respect to defendant Don Helms, Sr., doing business as D&H Concrete, Inc., only.

**IT IS FURTHER ORDERED** that defendant Don Helms, Sr., shall, not later than **October 27, 2006**, produce for inspection by plaintiffs all books, ledgers, payroll records, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of D&H Concrete, Inc., since August 9, 2004.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2006.