```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION   )
LABORERS WELFARE FUND, et al.,   )
                                 )
            Plaintiffs,          )
                                 )
       vs.                       )    No. 4:05-CV-2352 (CEJ)
                                 )
D&H CONCRETE, INC., a dissolved  )
Missouri corporation, and        )
DON HELMS, JR., an individual    )
d/b/a D&H CONCRETE, and          )
DON HELMS, SR., an individual    )
d/b/a D&H CONCRETE,              )
                                 )
            Defendants.          )
```

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendants D&H Concrete, Inc., and Don Helms, Sr.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Unions Nos. 42-53-110, and the Laborers International Union of North America, AFL-CIO (the Unions). On August 9, 2004, and June 24, 2005, defendant "Don Helms, Owner" on behalf of defendant D&H Concrete, Inc. (D&H), executed an agreement to be bound by the 2004-2009 collective bargaining agreement between the Laborers Locals 42-53-110 and the Site Improvement Association. Plaintiffs

contend that defendants failed to make timely contributions to the plans as required under the terms of the agreement between August 9, 2004, and September 8, 2006. Plaintiffs seek a total of $114,487.43, representing $79,820.62 for unpaid fringe benefit contributions, $15,964.13 for liquidated damages, $13,319.18 for interest, $875.00 for accounting fees, $4,358.50 for attorneys' fees, and $150.00 for court costs.

The summons and a copy of the complaint were served on defendant D&H on January 15, 2006; defendant Don Helms, Sr., was served on May 16, 2006. Defendants did not file an answer or other responsive pleading and, on April 12, 2006, the Clerk of Court entered default against defendant D&H; default was entered against defendant Don Helms, Sr., on August 31, 2006.

On September 26, 2006, the Court ordered defendants to produce financial records for plaintiffs' inspection. In response, defendants produced monthly bank statements and check ledgers through September 8, 2006. In an affidavit dated July 5, 2007, defendant Helms stated that the company did not have formal payroll summaries; however, all payroll information could be obtained from the bank statements and check ledgers. He further stated that there was no documentation to verify specific job duties performed by employees and that all employees performed whatever duty was necessary and had no specific job delineation.

### Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29

U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). The collective bargaining agreement at issue sets liquidated damages at twenty percent of delinquent contributions. § 5.10. The agreement further provides that, in the event that suit is brought to recover unpaid contributions, the employer is liable for "interest at the maximum rate allowed by law computed from the due date of each month's contribution." § 5.11.

Plaintiffs submit the report of R. Christopher Madison, who completed a payroll examination of D&H Concrete. The report consists of two parts. The first part lists fifteen payees; several payees are identified only by initials or first name; one is identified as "No Payee Noted." Checks made out to each payee are identified by date, number and amount, and accumulated in a "Month-To-Date" column. Listed for each "Month-To-Date" amount is the "Wage Rate," "Hours Worked," "Hours Reported," and "Reporting Variance."[1] A footnote states that: "No representation was provided regarding the purpose of the payments noted above. The hours noted in the 'Hours Worked' column were calculated using the Month-To-Date (M.T.D.) payment amount and the contractual wage rate in effect, and rounded down to the nearest whole number." The second part of the report contains the calculations of monthly contributions, liquidated damages, and interest due for the

---

[1] D&H Concrete never submitted any reports and zeros appear in the "Hours Reported" column.

unreported hours.  The rate at which interest was calculated is not identified.

The collective bargaining agreement required defendants to make contributions to the funds for each hour worked by employees covered by the Agreement.  <u>See, e.g.</u>, § 5.03 (Welfare fund contributions).  The Court is unable to determine from the payroll report and other submissions whether all of the identified payees are "employees covered by the Agreement."  The plaintiffs will be given the opportunity to supplement the record by identifying more clearly the covered employees.  The plaintiffs may also wish to clarify the footnote discussed above in Mr. Madison's report and explain the method used to calculate the interest owed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall have until **February 29, 2008**, to file a supplement to their motion for default judgment.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2008.