```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

GREATER ST. LOUIS CONSTRUCTION   )
LABORERS WELFARE FUND, et al.,   )
                                 )
            Plaintiffs,          )
                                 )
       vs.                       )     No. 4:05-CV-2352 (CEJ)
                                 )
D&H CONCRETE, INC., a dissolved  )
Missouri corporation, and        )
DON HELMS, JR., an individual    )
d/b/a D&H CONCRETE, and          )
DON HELMS, SR., an individual    )
d/b/a D&H CONCRETE,              )
                                 )
            Defendants.          )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendants D&H Concrete, Inc., and Don Helms, Sr., pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training Funds), their trustees (collectively, the plans), and Local Unions Nos. 42-53-110, and the Laborers International Union of North America, AFL-CIO (the Unions). On August 9, 2004, and June 24, 2005, defendant "Don Helms, Owner" on behalf of defendant D&H Concrete, Inc. (D&H), executed an agreement to be bound by the 2004-2009 collective bargaining agreement (hereinafter "the agreement") between the Laborers Locals 42-53-110 and the Site

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Improvement Association. Plaintiffs contend that defendants failed to make timely contributions to the plans as required under the terms of the agreement between August 9, 2004 and September 8, 2006. Plaintiffs seek a total of $114,487.43, representing $79,820.62 for unpaid fringe benefit contributions, $15,964.13 for liquidated damages, $13,319.18 for interest, $875.00 for accounting fees, $4,358.50 for attorneys' fees, and $150.00 for court costs.

The summons and a copy of the complaint were served on defendant D&H on January 15, 2006; defendant Don Helms, Sr., was served on May 16, 2006. Defendants did not file an answer or other responsive pleading and, on April 12, 2006, the Clerk of Court entered default against defendant D&H; default was entered against Don Helms, Sr., on August 31, 2006.

On September 26, 2006, the Court ordered defendants to produce financial records for plaintiffs' inspection. In response, defendants produced monthly bank statements and check ledgers through September 8, 2006. In an affidavit dated July 5, 2007, defendant Helms stated that the company did not have formal payroll summaries; however, all payroll information could be obtained from the bank statements and check ledgers. He further stated that there was no documentation to verify specific job duties performed by employees and that all employees performed whatever duty was necessary and had no specific job delineation.

### Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). The agreement at issue sets liquidated damages at twenty percent of delinquent contributions. § 5.10. The agreement further provides that, in the event that suit is brought to recover unpaid contributions, the employer is liable for "interest a the maximum rate allowed by law computed from the due date of each month's contribution." § 5.11.

Plaintiffs submit the reports of accountants R. Christopher Madison and John Massa, whose firm completed a payroll examination of D&H Concrete. The reports list nearly thirty payees with one identified as "no payee name." Other than its payment records, defendants did not provide information about the identity of the payees or about the purpose of the payments. The payment records also did not include the hours worked by each employee or payee listed. Because the agreement provides that contributions to the benefit fund are to be based on hours worked by each employee, the accountants estimated the hours worked by taking the monthly amount paid to each employee and dividing it by the hourly wage set forth in the agreement. The accountants calculated the interest owed on the contributions using the small business rate on the IRS website. Liquidated damages were calculated using twenty percent as mandated by the agreement.

Because defendants failed to provide records of their employees' specific duties, the accountants calculated the amounts

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

owed to the benefit fund as if all duties performed by the employees were covered by the agreement. The imprecision of this method was necessitated by the defendants' failure to provide the information requested of by plaintiffs. It has been established in this district that a defendant "will not [be] permit[ted] to reduce its liability by alluding to inaccuracies when the fault for the inaccuracies lies squarely in the defendant's lap." <u>Greater St. Louis Construction Laborers Welfare Fund v. Don Richardson Concrete Company</u>, 775 F.Supp 1249, 1254 (E.D. Mo. 1991).

Based on the affidavits and documents submitted by the plaintiffs, the Court finds that the defendants are liable for principal contributions in the amount of $79,820.62, liquidated damages in the amount of $15,964.13, and interest in the amount of $13,319.18. In addition, plaintiffs are entitled to recover from the defendants $4,358.50 in attorneys' fees, $875.00 in accounting fees and $150.00 in court costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendants D&H Concrete, Inc., Don Helms, Jr., and Don Helms, Sr. [Doc. #61] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2008.

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com